IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LARRY MARKER,

       Petitioner,

v.                                                Civ. No. 22-00784 KG/KRS

STATE OF NEW MEXICO,
OFFICE OF THE GOVERNOR,
OFFICE OF THE SECRETARY OF STATE, and
OFFICE OF THE ATTORNEY GENERAL,

       Defendants.

### MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Petitioner's Emergency Petition for Injunctive Relief, filed October 20, 2022. (Doc. 1). Petitioner requests that "this Court issue an Emergency Temporary Restraining Order [TRO] that would bar the State of New Mexico from using the existing uncertified and inequitable voting system to tabulate the New Mexico General Election on Nov. 8th 2022, pending the conclusion of judicatory action on Case No. S-1-SC-39578." *Id.* at ¶ 1. Case No. S-1-SC-39578 appears to refer to an "Expedited Petition for Writ of Mandamus" that Petitioner filed on September 22, 2022, with the Supreme Court of the State of New Mexico. *Id.* at ¶ 2.

**I.**    **Jurisdiction**

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to

address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

Petitioner has not shown that the Court has subject-matter jurisdiction over this matter. The only statement in the Petition regarding jurisdiction states: "This Court's Jurisdiction in this matter is Pursuant to Article III Section 2 of the United States Constitution relative to Federal and State election laws and voting rights." (Doc. 1) at ¶ 4. Section 2 of Article III of the United States Constitution does not establish jurisdiction over individual actions; it establishes the extent of federal judicial power. The Court has federal question jurisdiction over "civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The allegations in the Petition indicate that this action arises under state law. There are no allegations indicating this action arises under federal law. Petitioner's conclusory allegation that the Court has jurisdiction pursuant to Article III "relative to Federal and State election laws and voting rights" is not sufficient to meet Petitioner's the burden of alleging facts that support federal question jurisdiction because Petitioner has not alleged under which federal laws this action arises.

The Court orders Petitioner to show cause why the Court should not dismiss this action for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). If Petitioner asserts the Court has jurisdiction over this action, Petitioner must file an amended complaint which contains factual allegations supporting jurisdiction.

## II. *Younger* Abstention

Even if the Court has subject matter jurisdiction, it appears that the Court should abstain from hearing Petitioner's request for a TRO pursuant to the *Younger* abstention doctrine which "dictates that federal courts not interfere with state court proceedings ... when such relief could

adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999). Petitioner states he has an Expedited Petition for Writ of Mandamus pending before the New Mexico Supreme Court seeking an order that the New Mexico Secretary of State "decertify existing New Mexico voting systems and remove those same systems from use in the upcoming 2022 general election." (Doc. 1) at ¶ 2. Petitioner stated, on October 20, 2022, that the New Mexico Supreme Court "has failed to timely adjudicate the matter" but has not shown the New Mexico Supreme Court will not rule on his Expedited Petition for Writ of Mandamus before the election and has not otherwise shown that the New Mexico Supreme Court is not an adequate forum to hear Petitioner's claims which clearly involve important state interests.

The Court orders Petitioner to show cause why the Court should not abstain, pursuant to *Younger*, from hearing Petitioner's claims. If Petitioner asserts the Court should not abstain pursuant to *Younger*, Petitioner's amended complaint must contain factual allegations supporting his assertion that the Court should not abstain from hearing his claims.

### III. TRO

Because it appears the Court lacks jurisdiction over this matter, the Court does not rule on the TRO at this time. *See Brerton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the

merits of the underlying claims."). Should Petitioner adequately assert subject matter jurisdiction in his response or amended petition, the Court will consider the TRO at that time.

**IT IS, THEREFORE, ORDERED** that, no later than 5:00 p.m. on Tuesday, November 1, 2022, Petitioner shall show cause in writing why the Court should not dismiss this case for lack of subject-matter jurisdiction and file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case without prejudice.

_____
UNITED STATES DISTRICT JUDGE