IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LARRY MARKER,

        Petitioner,

v.                                                               Civ. No. 22-00784 KG/KRS

STATE OF NEW MEXICO,
OFFICE OF THE GOVERNOR,
OFFICE OF THE SECRETARY OF STATE, and
OFFICE OF THE ATTORNEY GENERAL,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING CLAIMS AGAINST STATE OF NEW MEXICO
## AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Petitioner requested that "this Court issue an Emergency Temporary Restraining Order [TRO] that would bar the State of New Mexico from using the existing uncertified and inequitable voting system to tabulate the New Mexico General Election on Nov. 8th, 2022, pending the conclusion of judicatory action on" Petitioner's "Expedited Petition for Writ of Mandamus" that Petitioner filed on September 22, 2022, with the Supreme Court of the State of New Mexico." (Doc. 1) (Emergency Petition for Injunctive Relief at 1, ¶¶ 1-2, filed October 20, 2022).

The Court ordered Petitioner to show cause why the Court should not dismiss this case for lack of subject-matter jurisdiction and to file an amended petition. *See* (Doc. 5) ("Order to Show Cause").

Petitioner responded to the Order to Show Cause and filed an Amended Petition on October 27, 2022. *See* (Doc. 6) ("Response"); (Doc. 7) ("Amended Petition").

**Jurisdiction**

Petitioner asserts that the Court has subject-matter jurisdiction over this matter because the New Mexico Supreme Court's failure to timely adjudicate his mandamus action will deprive him of his Fourteenth Amendment due process rights. *See* Response at 1, ¶ 2; Amended Petition at 2, ¶¶ 5-6. A delay in adjudication may, in some circumstances, give rise to a due process claim. *See, e.g.*, *Fletcher v. Golder*, 175 F. Appx. 269, 270 (10th Cir. 2006) (stating "we have held that unjustified delay by a state court in adjudicating a direct criminal appeal may give rise to ... a due process violation").

Petitioner has not shown that the Court has subject-matter jurisdiction over his claims against the State of New Mexico, the Office of the Governor, the Office of the Secretary of State and the Office of the Attorney General. "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity ... [or a] state may ... waive its Eleventh Amendment immunity and consent to be sued." *Id.* at 1181. Neither exception applies in this case. "First, the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Id.* (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)). Petitioner has not shown that Congress has abrogated the State of New Mexico's Eleventh Amendment immunity in this case. Second, Petitioner does not allege in his Amended Petition that the State of New Mexico waived its Eleventh Amendment immunity in this case. Eleventh Amendment "immunity extends to arms of the state and to state officials who are sued for damages in their official capacity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013).

The Court dismisses Petitioner's claims against the State of New Mexico, the Office of the Governor, the Office of the Secretary of State and the Office of the Attorney General without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

Because Petitioner is proceeding *pro se*, the Court liberally construes his claims against the Office of the Governor, the Office of the Secretary of State and the Office of the Attorney General Amended Petition as asserting claims against New Mexico's Governor, Secretary of State and Attorney General in their official capacities. "[U]nder the doctrine of *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), Eleventh Amendment immunity does not extend to a state official sued in his official capacity when the plaintiff seeks only prospective, injunctive relief." *Tarrant Regional Water Dist. v. Sevenoaks*, 545 F.3d 906, 911 (10th Cir. 2008). The Court will not, at this time, dismiss the claims against New Mexico's Governor, Secretary of State and Attorney General in their official capacities for lack of subject-matter jurisdiction.

**TRO**

The Court may issue a temporary restraining order without written or oral notice to the adverse parties or their attorneys only if:

> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

> "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003); *see Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007) (noting that the grant of a preliminary injunction is "the exception rather than the rule" (quoting *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984)))....
>
> [A] movant seeking a preliminary injunction ... must "demonstrate four factors: (1) a likelihood of success on the merits; (2) a likelihood that [she] will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in [her] favor; and (4) that the injunction is in the public interest." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009); *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). We have said that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (alteration in original) (quoting *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990))...
>
> Establishing irreparable harm is "not an easy burden to fulfill." *Greater Yellowstone Coal.*, 321 F.3d at 1258. Although we have said that the term "irreparable harm" "does not readily lend itself to definition," *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001) (quoting *Wis. Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985)), our caselaw provides some guidance in that regard. Most saliently, our precedent instructs that the injury must be "both certain and great," not "merely serious or substantial"; incapable of being "adequately atoned for in money"; or of the sort that "the district court cannot remedy following a final determination on the merits." *Id.* (alteration omitted) (citations omitted); *accord Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1190 (10th Cir. 2008).

*Hunter v. Hirsig*, 614 F. Appx. 960, 962 (10th Cir. 2015).

The Court denies Petitioner's request for a TRO barring the State of New Mexico from using the existing voting system to tabulate the New Mexico General Election on November 8, 2022, because Petitioner has not clearly shown that he will suffer irreparable harm before the adverse parties can be heard in opposition. Petitioner alleges that he is "a Candidate and Voter" and "will suffer irreparable damage should the State of New Mexico continue to use voting systems

4

that are not currently certified as mandated by law." Amended Petition at 2, ¶ 7. Petitioner has not shown that the injury of using the voting machines will be both certain and great. Petitioner alleges that the voting machines have not been certified but has not shown the voting machines incorrectly tabulate votes. Nor has Petitioner shown that any injury is irreparable. New Mexico law provides a remedy for any harm that may result from the use of improperly certified voting machines. *See* NMSA 1978, § 1-14-1 (allows any unsuccessful candidate for election to any public office to contest the election of another candidate); NMSA 1978, § 1-14-14 (any candidate that believes that any error or fraud has been committed in the verification of the votes cast on the voting machines may have a recount of the ballots or a recheck of the votes shown on the voting machines).

**IT IS, THEREFORE, ORDERED** that

(i) Petitioner's claims against the State of New Mexico are **DISMISSED without prejudice**; and

(ii) Petitioner's Amended Emergency Petition for Injunctive Relief, Doc. 7, filed October 25, 2022, is **DENIED.**

UNITED STATES DISTRICT JUDGE