IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LARRY MARKER,**

   **Plaintiff,**

**v.**

                                                                         **Case No: 2:22-cv-00784-KG-KRS**

**STATE OF NEW MEXICO,**
**OFFICE OF THE GOVERNOR;**
**OFFICE OF THE SECRETARY**
**OF STATE; AND OFFICE OF THE ATTORNEY**
**GENERAL,**

   **Defendants.**

### DEFENDANT HECTOR BALDERAS' MOTION TO DISMISS PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

COMES NOW Defendant, Attorney General of the State of New Mexico, Hector Balderas, by and through his undersigned counsel, and hereby submits his motion to dismiss Plaintiff's Motion for Injunctive Relief. As grounds, Defendant provides these reasons: Plaintiff fails to show that he has standing under Article III, Section 2 of the United States Constitution at the time of Plaintiff's filing of Motion to Show Cause and Amended Petition; the New Mexico Supreme Court had already issued an order denying Plaintiff's various motions in the matter, thus rendering his request for relief in this Court moot; Plaintiff has had an adequate opportunity to litigate the matter in state court and it is appropriate for this Court to abstain under the *Younger* doctrine; and Plaintiff has failed to state a claim for which relief can be granted. Therefore, Defendant respectfully requests that this Court dismiss Plaintiff's request for injunctive relief.

1. **BACKGROUND**

On September 22, 2022, Plaintiff filed an Expidited [sic] Petition for Writ of Mandamus in the Supreme Court of New Mexico, requesting the court to instruct the New Mexico Secretary of State to decertify existing New Mexico voting systems and remove them from use for the upcoming 2022 general election.

On October 3, 2022, Plaintiff filed a motion for leave to file a reply the response of the defendant in that matter.

On October 4, 2022, the New Mexico Supreme Court issued a Notice of Non-Conforming Pleading that listed fourteen issues with Plaintiff's October 3, 2022 motion that rendered it to be non-conforming and provided two days from the date of the order, to file a conformed pleading with the listed issues corrected.

On October 13, 2022, Plaintiff filed a motion for leave to file a reply together with response to the defendant's response, nine (9) days after Notice of Non-Conforming Pleading and seven (7) days after the deadline.

On October 20, 2022, Plaintiff filed his Emergency Petition for Injunctive Relief ("Petition") in this Court.

On October 25, 2022, this Court issued a Memorandum Opinion and Order to Show Cause.

On October 27, 2022, at 10:28 a.m., the Supreme Court of New Mexico issued an order denying both Plaintiff's Motion for Leave to File a Reply and also the Petition for Writ of Mandamus. On October 27, at 2:48 p.m., Plaintiff filed an Amended Emergency Petition for Injunctive Relief ("Amended Petition") in this Court, claiming, "[t]he New Mexico Supreme Court has failed to timely adjudicate the matter before them while having knowledge of the Petitioners [sic] candidacy and the upcoming Nov. 8th Election…" (Amend. Pet. ¶ 5). Again on October 27,

2022, at 2:49 p.m., Plaintiff filed a Petitioners [sic] Statement Showing Cause, claiming jurisdiction under 28 USC § 1343(a)(3)-(4) and 28 USC § 1331 and violation of his 14th Amendment Rights, "should the NM Supreme Court continue to ignore and fail to timely adjudicate the Mandamus action…' (Stmt. Showing Cause ¶ 2).

## II. THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE THE PLAINTIFF DOES NOT HAVE STANDING.

In Plaintiff's original Petition, he simply cites Article III, Section 2 of the United States Constitution as the basis for jurisdiction. The United States Supreme Court has clearly stated that Article III of the United States Constitution limits federal courts' jurisdiction to certain cases and controversies and one element of the case or controversy requirement is that plaintiffs must establish that they have standing to sue. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408, 133 S. Ct. 1138, 1146, 185 L. Ed. 2d 264 (2013) (internal quotations and citations omitted). To establish Article III standing, an injury must be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling. *Id*. 1147 (internal quotations and citations omitted).

The court in *Clapper* found that the movants in that case did not have standing because, "respondents' theory of standing, which relies on a highly attenuated chain of possibilities, does not satisfy the requirement that threatened injury must be certainly impending." *Id*. 1148. The *Clapper* court found issue with the movants inability to show evidence of specific facts which amounted to their claims of imminent harm being merely speculative and non traceable to the challenged action. *Id*. The *Clapper* court reversed the Second Circuit Court where it found movants had standing so long as the fear of harm was not "fanciful, paranoid, or otherwise unreasonable." *Id*. 1153

Here, Plaintiff attached the same exhibits to both his Petition and Amended Petition: a letter from New Mexico Secretary of State to Dominion Voting Systems dated August 19, 2021, and a print out of a webpage from the U.S. Election Assistance Commission, dated February 10, 2021. Even after this Court ordered Plaintiff to show cause because this Court found no subject matter jurisdiction, Plaintiff offered this Court the same evidence as previously provided and deemed lacking by this Court. Plaintiff claims imminent or irreparable harm but cannot offer any more than mere speculation. Further, as presented by the Plaintiff, his argument for standing would even fail the Second Circuit's de minimis standard (which the United States Supreme Court ultimately rejected), where standing was found so long as the fear of harm was not "fanciful, paranoid, or otherwise unreasonable." *Id.* 1153. Plaintiff fails to establish standing under Article III Section 2 of the United States Constitution, as his fear of harm is nothing more than fanciful, paranoid, or otherwise unreasonable.

Plaintiff does offer a new theory of why he has standing in his Amended Petition, where he cites 28 USC § 1331. Plaintiff seems to want to argue jurisdiction under federal question but stops short of explicitly doing so. Instead, Plaintiff simply states that the "irreparable damage will extend to every other voter in the state of NM and the Citizenry of the entire US due to the inclusion of Federal Congressional offices in the upcoming election." (Amend Pet. P. 3). This Court was clear in its Memorandum Opinion that Plaintiff failed to establish jurisdiction under 28 USC § 1331, as the allegation in the Petition arises under state law and no allegations indicated the action arose under federal law. Plaintiff's attempt to cure that deficiency by a vague statement does not satisfy the Court's direction.

**III. THE PETITION SHOULD BE DISMISSED AS THE ISSUE IS MOOT.**

Plaintiff's entire Petition is based on the New Mexico Supreme Court's alleged failure to timely adjudicate Plaintiff's Petition in state court. Plaintiff argues irreparable damage if this Court denies him his requested relief. Plaintiff cites 28 USC § 1343(a)(3)-(4), arguing deprivation of his 14th Amendment rights, stating that "[t]he New Mexico Supreme Court has failed to timely adjudicate the matter before them while having knowledge of the Petitioners [sic] candidacy and the upcoming Nov. 8th Election…" Plaintiff does not elaborate how a 14th Amendment analysis fits into his requested relief but even if he did offer one, his claims of failure of the New Mexico Supreme Court to timely adjudicate his motion is at this time baseless and untimely. First, the New Mexico Supreme Court adjudicated Plaintiff's action in state court by issuing an order denying it on October 27, 2022 at 10:28 a.m. Even so, Plaintiff still filed his Amended Petition and Statement Showing Cause in this Court on October 27, 2022 at 2:48 p.m. and October 27, 2022 at 2:49 p.m., respectively. Both these filings still claimed that the New Mexico Supreme Court failed to timely adjudicate the matter in state court. Plaintiff's entire request for relief from this Court is based on this counter factual claim.

This is not the first time Plaintiff misstates and mischaracterizes the facts. In his Statement Showing Cause, filed the afternoon of the same day the New Mexico Supreme Court rendered its decision, Plaintiff claims that the New Mexico Supreme Court was "ignoring" his Petition (Stmnt. Showing Cause ¶ 2), where in fact, a decision had already been rendered. Further, in his Amended Petition, in paragraphs 18 to 22, titled "Undisputable Facts of the Matter before this US District Court," Plaintiff claims the New Mexico Supreme Court "has failed to timely adjudicate the subject matter…has thus far failed to follow state Statutes in the matter…is also in violation of its duties under Article VI Section 3 of the NM Constitution…has intentionally failed to provide a

5

timely adequate forum to provide redress…Petitioner will suffer irreparable damage should the US District Court not grant Petitioners requested relief in the matter." Plaintiff made these statements to this Court even in the face of a decision by the New Mexico Supreme Court earlier that day. As the New Mexico Supreme Court has rendered the decision which Plaintiff sought (albeit not the decision he likely preferred), his request for relief from this Court is now clearly moot.

## IV. IT IS APPROPRIATE FOR THIS COURT TO ABSTAIN UNDER THE *YOUNGER* DOCTRINE

The United States Supreme Court has developed abstention doctrines based upon principles of comity and federalism to ensure that federal courts do not improvidently resolve dispute and award relief that will intrude upon the prerogatives of states to perform their separate functions. *Younger v. Harris*, 401 U.S. 37, 43–44, 91 S. Ct. 746, 750, 27 L. Ed. 2d 669 (1971). The Younger abstention doctrine requires a federal court to abstain from hearing a case where (1) state judicial proceedings are ongoing; (2) the state proceedings implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 Fed. Appx. 193, 197 (10th Cir. July 10, 2007); citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003). Once these three conditions are met, Younger abstention is non-discretionary and a district court is required to abstain. *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003). Abstention is appropriate when the moving party has an adequate remedy at law and will not suffer irreparable harm if relief is denied and to avoid duplication of legal proceedings when a single suit is adequate to protect the rights asserted. *Younger*, 43-44.

In *Younger*, the court found that abstention was appropriate because the *Younger* Plaintiff had a proceeding already pending in state court which afforded him an opportunity to raise his claims in state court.

Here, Plaintiff's claims have already been adjudicated in the New Mexico Supreme Court, where Plaintiff had more than ample opportunity to raise his claims. Even if the matter was still pending in the state Supreme Court, the state court would have provided an adequate opportunity to adjudicate the underlying issue, which is a state law question and no federal question was involved. It is therefore, appropriate for this Court to abstain under the *Younger* doctrine.

## V. PLAITNIFF HAS FAILED TO STATE A CLAIM AND HIS MOTION SHOULD BE DISMISSED.

Lastly**,** Plaintiff has failed to plead sufficient facts to support his stated claim and has thus failed to provide any claim upon which relief can be granted. A court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if it is patently obvious that the plaintiff could not prevail on the facts alleged… The complaint's sufficiency is a question of law, and when considering a rule 12(b)(6) motion, a court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face… the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Garcia v. Cole*, 428 F. Supp. 3d 644, 650-52 (D.N.M. 2019) (internal quotations and citations omitted).

Here, Plaintiff states that the pending litigation with the state court deprives him of the "right of redress and equitable relief and an imminent deprivation of due process and civil rights secure under the 14th Amendment should the NM Supreme Court continue to ignore and fail to timely uphold applicable laws. Petitioner as a Candidate and Voter will suffer irreparable damage should the State of New Mexico continue to use voting systems that are not currently certified as mandated by law" (Amen. Pet. ¶ 6 and 7). However, at the time of filing his Amended Petition, the New Mexico Supreme Court had already rendered a decision. Additionally, even if the matter was still pending in state court, the facts pled by the Petitioner fall far short of the basic standard of a well pled complaint for this Court to draw any reasonable inferences. Petitioner's claims should be dismissed under rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**VI. CONCLUSION**

This Court lacks subject matter jurisdiction in this matter as Plaintiff has failed to show he has standing. Further, Plaintiff's entire grievance is premised upon the false statement that the New Mexico Supreme Court has failed to timely adjudicate the matter, when in fact, a decision has been rendered, making his claim moot. It is also appropriate for this Court to abstain under the *Younger* doctrine. And finally, Plaintiff has failed to state a claim upon with relief can be granted. Defendant, therefore, respectfully request this Court dismiss Plaintiff's Petition.

Respectfully Submitted,

HECTOR H. BALDERAS
New Mexico Attorney General

By: */s/ Kaythee Hlaing*
Kaythee Hlaing
Assistant Attorney General
Post Office Drawer 1508
Santa Fe, NM 87504-1508
(505) 238-2607
Khlaing@nmag.gov
*Attorney for Defendant Hector Balderas*

**CERTIFICATE OF SERVICE**

I certify that on November 8, 2022, I served the foregoing on counsel of record and to all parties via the electronic CM/ECF system.

*/s/ Kaythee Hlaing*