IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LARRY MARKER,

        Petitioner,

v.                                                               No. 2:22-cv-00784-KG-KRS

STATE OF NEW MEXICO,
OFFICE OF THE GOVERNOR,
OFFICE OF THE SECRETARY OF STATE, and
OFFICE OF THE ATTORNEY GENERAL,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Petitioner, who is proceeding *pro se*, requested that "this Court issue a Temporary Restraining Order barring the State of New Mexico from using the existing insufficiently certified illegal voting system to tabulate the New Mexico General Election on Nov. 8th 2022, pending the final conclusion of judicatory action on Case No. S-10SC-39578 now pending in the New Mexico Supreme Court." Amended Emergency Petition for Injunctive Relief at 6, filed October 27, 2022 ("Amended Petition"). The New Mexico Supreme Court denied Petitioner's expedited petition for writ of mandamus on October 27, 2022. *See* Order, filed in *Marker v. Toulouse Oliver*, No. S-1-SC-39578.

On October 31, 2022, the Court: (i) dismissed Petitioner's claims against the State of New Mexico, the Office of the Governor, the Office of the Secretary of State and the Office of the Attorney General without prejudice for lack of jurisdiction; (ii) dismissed Petitioner's claims against New Mexico's Governor, Secretary of State and Attorney General in their official capacities for lack of subject-matter jurisdiction; and (iii) denied Petitioner's Amended Petition for a temporary restraining order barring the State of New Mexico from using the existing voting

system to tabulate the New Mexico General Election on November 8, 2022, because Petitioner did not show that he will suffer irreparable harm before the adverse parties can be heard in opposition.[1] *See* Doc. 8.

On November 8, 2022, Defendant Attorney General of the State of New Mexico, Hector Balderas, filed a Motion to Dismiss [Petitioner's] Motion for Injunctive Relief. *See* Doc. 10. Defendant Balderas contends:

(i)     The Court does not have jurisdiction because Petitioner's claims of imminent or irreparable harm are mere speculation and, therefore, Petitioner has failed to show he has standing;

(ii)    The Petition is moot because the New Mexico Supreme Court adjudicated Petitioner's action in state court by issuing an order denying Petitioner's Petition for Writ of Mandamus;

(iii)   The Court should abstain under the *Younger* abstention doctrine[2] because Petitioner had an adequate opportunity to litigate the matter in state court; and

(iv)    Petitioner failed to state a claim because the New Mexico Supreme Court had already rendered a decision on his litigation in state court.

*See* Doc. 10. Petitioner did not file a response opposing the Motion to Dismiss.

---

[1] A temporary restraining order binds not only the parties, but also "the parties' officers, agents, servants, employees, and attorneys [and] other persons who are in active concert or participating with [the parties and their officers, agents, servants, employees, and attorneys]" if they have received actional notice of the order. Fed. R. Civ. P. 65(d)(2).

[2] The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999).

The Court grants Defendant Balderas' Motion to Dismiss because the Court has previously dismissed all claims against Defendants without prejudice for lack of subject matter jurisdiction and denied the only relief Petitioner sought, and because Petitioner did not file a response opposing the Motion to Dismiss and has not sought leave to amend his Amended Petition.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
UNITED STATES DISTRICT JUDGE